UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHARIF M. CLIETT,                    :
                                     :
             Plaintiff               :
                                     :      NO. 3:CV-07-614
        -vs-                         :
                                     :      (Judge Kosik)
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of Social               :
Security,                            :
                                     :
             Defendant               :

## MEMORANDUM

Before this court is a dispute concerning a decision by the Commissioner of Social Security in which the Commissioner denied Plaintiff's claim for Supplemental Security Income (SSI), 42 U.S.C. §§ 1381–1383f (2000). We review the record pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to determine whether substantial evidence exists to support the Commissioner's decision. The matter was assigned to United States Magistrate Judge J. Andrew Smyser. In the Report and Recommendation filed November 20, 2007, the Magistrate Judge found that substantial evidence supported the Commissioner's decision, and recommended that we deny Plaintiff's appeal. Plaintiff filed objections to the Report and Recommendation, Defendant filed a response, and plaintiff filed a reply. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge, and affirm the findings of the Commissioner.

## BACKGROUND

The extensive procedural history involved in this case is set forth without objection in the Report and Recommendation of the Magistrate Judge. Specifically, plaintiff, through his mother, filed an application for SSI alleging disability since August 23, 1995 due to Attention Deficit Hyperactivity Disorder (ADHD). Following several remands and hearings, the Administrative Law Judge (ALJ) issued a decision denying plaintiff's claim on January 18, 2006, and the Appeals Council denied a request for review. Plaintiff filed a complaint with this court on March 30, 2007. On June 4, 2007, the defendant filed an answer to the complaint. The plaintiff filed his brief on August 22, 2007 and the defendant filed a brief on October 17, 2007. Plaintiff's reply brief was filed on November 5, 2007. On November 20, 2007, the Magistrate Judge issued his Report and Recommendation wherein he recommended that the plaintiff's appeal be denied. On December 10, 2007, plaintiff filed objections to the Magistrate Judge's Report and Recommendation. On December 21, 2007, the defendant filed a response to plaintiff's objections. Plaintiff filed a reply to defendant's response on December 21, 2007.

## DISCUSSION

When objections are filed to a report and recommendation of a magistrate judge, we review de novo those portions of the report or specified proposed findings or recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C) (2000). In our review, we may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Although our review is de novo, we may, in the exercise of sound judicial discretion, rely upon the magistrate judge's proposed recommendations if appropriate. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

When a claimant appeals from a final decision by the Commissioner of the Social Security Administration, we uphold the Commissioner's decision if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g) (2000); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "It consists of more than a mere scintilla of evidence but less than a preponderance." *Stunkard v. Sec'y of Health and Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, we may not set aside the Commissioner's decision even if we would have decided the factual inquiry differently. *Hartranft, 181 F.3d at 360*.

A three-step evaluation process is used to determine disability for child claimants. 20 C.F.R. § 416.924 (2006). The first step of the process requires the claimant to establish that he has not engaged in substantial gainful activity. If a claimant has been doing substantial gainful activity, the Commissioner will

determine that he is not disabled and will not review the claim further.   20 C.F.R. § 416.924(a).   If the plaintiff is not doing substantial gainful activity, the Commissioner will determine, at step two, whether the claimant's impairments are severe.   *Id.*   If the impairments are not severe, the Commissioner will determine that the claimant is not disabled and will not review the claim further.   *Id.*   If the impairments are severe, the Commissioner will then proceed to step three, to determine whether the claimant's impairments meet, medically equal, or functionally equal the listings.   *Id.*   If the Commissioner finds that the claimant has such impairments, and that the impairments meet the duration requirement, the Commissioner will find that the claimant is disabled.   *Id.*

For a claimant's impairments to functionally equal a listing, the impairments must result in marked limitations in two listed domains of functioning or an extreme limitation in one domain.   20 C.F.R. § 416.926a(a).   The regulations list six applicable domains of functioning: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) ability to care for one's self; and (6) health and physical well-being.   20 C.F.R. § 416.926a(b)(1).   A marked limitation exists when the impairment interferes seriously with the child's ability to independently initiate, sustain, or complete activities.   20 C.F.R. § 416.926a(e)(2)(l).   An extreme limitation exists when the impairment interferes very seriously with the child's ability to

initiate, sustain, or complete activities.   20 C.F.R. §
416.926a(e)(3)(I).

In applying the evaluation process in this case, the ALJ
proceeded through each step of the process and concluded that
plaintiff was not disabled.[1]  At step one, the ALJ found that
plaintiff had not engaged in substantial gainful activity.  At step
two, the ALJ found that the plaintiff's ADHD was a severe
impairment within the meaning of the Regulations.  At step three,
the ALJ determined that the plaintiff's ADHD did not meet,
medically equal, or functionally equal a listed impairment. The ALJ
further found that the plaintiff did not have an extreme limitation
in any domain of functioning or a marked limitation in two or more
domains of functioning.  Thus, the ALJ concluded that the plaintiff
was not disabled under the Act.[2]

In his objections, the plaintiff argues (1) that the ALJ
failed to apply the Commissioner's regulations with respect to the
adjudication of childhood disability claims; (2) that the ALJ
failed to consider plaintiff's ability to function outside highly
structured settings; and (3) that the ALJ's reliance on the
testimony of Dr. Weinberger was an error as a matter of law because
Dr. Weinberger did not base his review on the complete record.  We
will review plaintiff's objections to the Report and Recommendation
of the Magistrate Judge in light of the instant record.

---

[1]*See* Decision of Administrative Law Judge, R.268-276.

[2]*See* Decision of Administrative Law Judge, R.275.

In his first objection, plaintiff argues that the ALJ failed to apply the Commissioner's regulations with respect to the adjudication of childhood disability claims.  In particular, the plaintiff argues that the ALJ failed to apply or even cite the Commissioner's regulations regarding his affirmative duty to compare plaintiff to other unimpaired children and that the ALJ's failure to compare plaintiff with other unimpaired children is an error of law.  We disagree.

As the defendant points out, evaluation of a child's impairment under the listing of impairments requires the ALJ to take into account the required degree of severity between an unimpaired child and a disabled child.  In discussing the plaintiff, the ALJ stated that in making his decision, one of the things he considered was "How the child's functioning compares to that of unimpaired children of the same age."[3]  We find the ALJ's evaluation of the evidence to be consistent with the regulations. In the section of his Decision marked "Evaluation of the Evidence and Rationale," the ALJ discussed the findings presented by Dr. Jamack and Dr. Weinberger and he stated that he gave significant weight to their opinions.  He also reviewed the testimony of claimant and his mother.  The ALJ then applied the findings to the six domains.  The ALJ concluded that plaintiff did not have an "extreme" limitation in one area of functioning or a "marked" limitation in two areas of functioning. We find the ALJ's findings to be based on substantial evidence of record.

---

[3]*See*, Decision of the Administrative Law Judge, R.269.

While plaintiff objects to the way the ALJ applied the regulations, the Court of Appeals for the Third Circuit has stated that particular language or format is not required in a decision by an ALJ, the ALJ must only provide a sufficient development of the record and explanation of findings to permit meaningful review. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). We find that the ALJ's decision set forth the evidence he relied upon in determining the functional limitations and he adequately articulated an evidentiary basis for his decision.

Plaintiff also argues that the ALJ committed an error of law by failing to consider plaintiff's ability to function outside the highly structured settings of Cornell Abraxas and Glen Mills. While plaintiff was placed in structured settings, the reason for this placement was in question. The ALJ found and the record reflects that plaintiff's placements resulted from his legal problems, not as a result of any mental functioning limitations.[4] In discussing the evidence of record, the ALJ points out that as part of plaintiff's probation, he must receive his GED while at Glen Mills. Moreover, as the ALJ states, Dr. Weinberger testified that plaintiff's placements were for legal problems and not because of any underlying medical condition.[5] Because the ALJ found that plaintiff's placements were based on his legal entanglements, and not on his mental functioning limitations, we find no merit to

---

[4] *See* Report of Dr. Jamack, R.522; Testimony of Dr. Weinberger, R.540-542.

[5] *See*, Decision of Administrative Law Judge, R.272.

plaintiff's objection that the ALJ committed an error of law by failing to consider the plaintiff's ability to function outside a highly structured setting.

In his next objection, plaintiff argues that the evidence presented as to plaintiff's academic performance supports a finding of a marked limitation.  Specifically, the plaintiff argues that the evidence submitted after the hearing of November 8, 2005 was sufficient to establish a "marked limitation."  The testimony of Dr. Weinberger was summarized by the ALJ as follows:

> David Weinberger, Pd.D., an impartial medical expert, reviewed the record and testified that the claimant has completed tenth grade and has passed all of his grades.  He noted that the claimant has not been on any prescription medications in several years.  The claimant has been a residential student at Glen Mills since February of 2005 and has an Individualized Education Plan.  The claimant has moved around a lot and has been in different school [sic].  However, Dr. Weinberger explained that the claimant's placements have been for legal problems and not because of any underlying medical condition.
>
> Dr. Weinberger further testified that the claimant has had learning support and, with these adaptations, has been able to perform. He has had behavioral problems and frustration problems, however, Dr. Weinberger opined that the claimant's impairments do not meet, equal or functionally equal any of the Listings.  He opined that the claimant is functioning at a sixth or seventh grade level. Dr. Weinberger's testimony is credible and consistent with the record as a whole and I give it significant weight.[6]

---

[6]*See*, Decision of Administrative Law Judge, R.272.

Following the hearing of November 8, 2005, the plaintiff submitted additional records from Glen Mills School.[7] Dr. Weinberger's opinion on the childhood domains did not include the updated records.

The plaintiff's objection is that the ALJ's reliance on the testimony of Dr. Weinberger was an error as a matter of law because Dr. Weinberger did not base his review on the complete record. We disagree. As the Magistrate Judge points out, while Dr. Weinberger did not have the benefit of the additional records at the time of his testimony, Dr. Weinberger reviewed other comprehensive evidence regarding plaintiff's academic performance, and the ALJ had the benefit of all of the subsequent academic records regarding plaintiff. Moreover, as the defendant argues, the ALJ relied on sources other than the testimony of Dr. Weinberger in reaching his decision. The ALJ could have considered the additional records as cumulative evidence of plaintiff's ongoing problems. As the Magistrate Judge indicates, the ALJ had all of the academic records before him when making his determination. Thus, we find that the ALJ's finding as to plaintiff's academic performance was based on substantial evidence.

We have reviewed the instant record in light of plaintiff's objections. We find no merit to plaintiff's objections. We will, therefore, adopt the Report and Recommendation of the Magistrate Judge. An appropriate Order will follow.

---

[7]*See*, R.452-453.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


SHARIF M. CLIETT,                       :
                                        :
              Plaintiff                 :
                                        :       NO. 3:CV-07-614
         -vs-                           :
                                        :       (Judge Kosik)
                                        :
MICHAEL J. ASTRUE,                      :
Commissioner of Social                  :
Security,                               :
                                        :
              Defendant                 :


## ORDER

   AND NOW, this 16th day of July, 2008, IT IS HEREBY ORDERED
THAT:

   (1) The Report and Recommendation of Magistrate Judge J.
Andrew Smyser dated November 20, 2007 (Document 16) is **ADOPTED;**

   (2) the plaintiff's objections are **DISMISSED;**

   (3) the plaintiff's appeal is **DENIED;**

   (4) the decision of the Commissioner is **AFFIRMED;** and,

   (5) the Clerk of Court is directed to **CLOSE** this case and to
forward a copy of this Memorandum and Order to the Magistrate
Judge.


                       *s/Edwin M. Kosik*
                       United States District Judge